*396 ATTORNEY DISCIPLINARY PROCEEDINGS
liPER CURIAM.*
This attorney disciplinary matter arises from two counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, David Allan Hilburn, an attorney licensed to practice law in the State of Louisiana.
The record indicates that respondent, while acting as the treasurer of the Bossier Parish Bar Association, misappropriated funds of the association for his personal use and benefit. Specifically, on or about November 16, 1995, December 14, 1995 and December 15, 1995, respondent withdrew, without authorization, $400, $400, and $1,000, respectively, from the bar association’s bank account. The misappropriation was discovered by the president of the association, Lance Mosley, when he was notified by the bank that the account was overdrawn. In mid-January, 1996, after Mr. Mosley confronted respondent regarding the theft, the funds were replaced in full.
Subsequently, a complaint against respondent was filed with the ODC. When the respondent failed to comply with several requests for information from the ODC, a subpoena was issued compelling his cooperation. Later, respondent answered, admitting he diverted the funds, but intended to repay them. He claimed he “borrowed” the money for himself, since his personal assets were frozen due to pending divorce litigation, and to aid a client, whose identity respondent refused to reveal on the basis that it was protected by the attorney-client privilege.
On August 29, 1996, formal charges were filed against respondent.[1] When the respondent failed to respond to the charges, the factual allegations were admitted. Subsequently, the ODC timely filed a memorandum suggesting a lengthy suspension followed 12by a probationary period as appropriate discipline. Respondent filed a request for a hearing to present mitigating evidence; however, the chairman ruled the filing was untimely, and no hearing was conducted.
Subsequently, the hearing committee rendered an opinion proposing a three-month suspension followed by probation for one year. It also recommended respondent be required to take three additional continuing legal education ethics hours each year for three years, as well be assessed with costs.
The matter was then presented to the disciplinary board. In its findings and recommendation, the disciplinary board initially noted the respondent’s request for a hearing to introduce mitigating evidence was filed timely with the hearing committee. Accordingly, the board panel allowed respondent to raise the mitigating evidence he would have presented to the committee.[2] The disciplinary board recognized the baseline sanction for a case involving conversion of funds, *397 where the misappropriation is for a minimal period of time, is a brief suspension followed by a probationary period. The board found no merit in respondent’s “altruistic” defense that he borrowed the funds to assist a client. It recognized as aggravating factors: (1) dishonest and selfish motive; (2) pattern of misconduct; and (3) multiple offenses. As factors in mitigation, the board noted: (1) absence of a prior disciplinary record; (2) timely good faith effort to make restitution; (3) full and free disclosure to the board; (4) inexperience in the practice of law (2 1/2 years at the time of misappropriation); (5) personal or emotional problems arising from his divorce; and (6) remorse. Based on these factors, the board recommended respondent be suspended from the practice of law for six months and be ordered to pay all proceeding costs. One board member concurred and another dissented.
Upon review of the findings and recommendations of the ^disciplinary board, and the record filed herein, it is the decision of the court that the disciplinary board’s recommended sanction is inappropriate under the facts. Respondent’s actions occurred while he was in a position of public trust and adversely reflect on his fitness to practice law.
Accordingly, it is ordered that respondent, David Allan Hilburn, be suspended from the practice of law for a period of one year and one day. All costs of these proceedings are assessed against respondent.

 Victory, J. not on panel. Rule IV, Part 2, § 3.

. Respondent was also charged with failure to cooperate in the disciplinary investigation, but those charges were later withdrawn by the ODC.

. We note in passing that neither side objected to this procedure. Nonetheless, we caution the board, for purposes of future cases, that it may be more appropriate for it to remand the matter to the hearing committee for the taking of evidence on the record. Supreme Court Rule XIX, § 11(F).